IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HUI CHUAN LIAO, et al.,         )
                                )
            Plaintiffs,         )
                                )
    v.                          )    No. 09 C 3402
                                )
COLOVOS COMPANY, et al.,        )
                                )
            Defendants.         )

## MEMORANDUM ORDER

This Court is in receipt of three newly-filed separate (in this Court's view, needlessly separate) Answers and Affirmative Defenses ("ADs") in this patent infringement action--one filed on behalf of Colovos Company ("Colovos"), another on behalf of Sears, Roebuck and Co. ("Sears") and the third on behalf of W.W. Grainger, Inc. ("Grainger"). This memorandum order is issued sua sponte because of some problematic aspects of those filings.

If this were an antitrust action rather than a patent action, the responsive pleadings--all filed by the same law firm--might perhaps be characterized as reflecting "conscious parallelism." In these days of electronic filing, the submission of three lengthy responsive pleadings rather than one no longer bulks up the court files, but that is not at all true of the required hard copies delivered to and maintained by the assigned judge as part of his or her chambers file. There may be some justification for separate filings where the factual or legal positions advanced by different defendants diverge, but that is

not the case here. And it is really an imposition to require a judicial officer to wade through such a whole set of defensive pleadings to determine whether--and if so, how--defendants may not share common cause.

Accordingly all three of the newly-received responsive pleadings are stricken for redundancy. Leave is of course granted to defense counsel to file a single responsive pleading on behalf of all three defendants on or before November 2, 2009.

When defense counsel return to the drawing board for that purpose, some other matters also require attention. First as to the ADs:

> 1. ADs 1 and 2 of each pleading challenge the standing of each of the two plaintiffs to bring this action. That potentially dispositive contention plainly ought to be addressed up front, and defendants' conclusory assertions of lack of standing need fleshing out, even under the notice pleading principles that apply to plaintiffs and defendants alike in the federal system. Hence defense counsel are granted until November 12, 2009 to bring the lack-of-standing contention on by a properly supported motion, failing which those claimed ADs will deemed forfeited. If such a motion is indeed brought, counsel for the parties should seek to confer before the presentment date to discuss a proposed timetable for plaintiffs' counsel's filing of a

responsive memorandum.

2. ADs 3 through 5, which assert estoppel, laches and waiver, also require fleshing out.  Again defense counsel are required to provide more particularization for those ADs, so that it may be determined whether or not those contentions appear to have surface merit and plausibility (in the latter respect, as called for by Twombly-Iqbal analysis).

3. ADs 6 and 7 are purely hypothetical and are stricken as well.  If, as and when defendants may learn of other ADs during the course of the litigation, they can seek to advance such further contentions at that time.

Finally, as to Colovos' pleading but not those filed by Sears or Grainger, its Answer and ADs are followed by a 10-count pleading captioned "Colovos' Counterclaims."  But that pleading not only names the corporate plaintiff as one of Colovos' targets but also seeks to add two nonparties:  Grizzly Industrial, Inc. and Harbor Freight Tools, USA, Inc.  To that extent, of course, Colovos' claim cannot properly be characterized as a "counterclaim," nor does it qualify as a crossclaim.  It is thus unclear to this Court under just what authority Colovos seeks to add those targets.  If the renewed responsive pleading tries to advance like claims, it must be accompanied by an appropriate motion that seeks leave to do so and identifies the appropriate

authority.

Because all of the matters dealt with here are ascribable to defense counsel rather than to their clients, it would seem inappropriate for the clients to have to pay for the second go-round ordered here. Accordingly no charge is to be made to defendants by their counsel for the added work and expense incurred in preparing the Amended Complaint and ADs. Defendants' counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 21, 2009